UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

ROBERT FRIEDMAN,

Plaintiff,

-against-

SWEET EXPRESSIONS,

Defendant.

-------------------------------------x

**MEMORANDUM & ORDER**
24-cv-4024(EK)(JRC)

ERIC KOMITEE, United States District Judge:

Plaintiff Robert Friedman filed the instant action in June 2024, alleging that candy store Sweet Expressions "banned" him because he has Tourette syndrome. By Memorandum and Order dated July 24, 2025, I dismissed the complaint for failure to state a claim. Memorandum & Order ("Mem. & Order"), ECF No. 5. Plaintiff was, however, granted thirty days' leave to submit an amended complaint. He was also warned that any amended complaint that fails to satisfy an element of the claim could be dismissed with prejudice. *Id.* at 4. Friedman's amended complaint did not cure the issues the Court raised in its prior order and must therefore be dismissed again under 28 U.S.C § 1915, this time with prejudice.

## I. Discussion

The Court previously held that Friedman failed to state a claim under Title III of the Americans with Disabilities

Act (the "ADA") because monetary damages are not available for the alleged violation, and Friedman sought only monetary damages. Mem & Order 3-4. Despite this explicit explanation, Friedman claims the same violation of the ADA and still seeks only monetary damages. Amended Complaint 4, 6, 9-10, ECF No. 6. He thus has still failed to state a claim upon which relief can be granted.

Further, Friedman's amended complaint provides no additional factual allegations. Before, he alleged he was "told [by Sweet Expressions] that [he] was banned because [he] ha[s] a disability which is Touret Sydrome." Complaint at 5-6, ECF No. 1. Now he alleges that in May 2024 "Sweet Expressions permanently banned Robert Friedman from their place of business because he has a disability" — Tourette syndrome. Am. Compl. 8-9. As the Court previously held, this conclusory allegation is insufficient to state a claim. Mem. & Order 4; *see also Friedman v. Chocolatte Espresso Bar LLC*, No. 22-CV-1645, 2024 WL 1835336, at *2 (E.D.N.Y. Apr. 26, 2024) ("Friedman's conclusory allegation that he was banned from Chocolatte because of his Tourette Syndrome . . . is not accompanied by sufficient factual content to render his claim plausible under *Twombly* and *Iqbal*.").

**II. Filing Injunction**

The Court has warned Friedman now four times that

further frivolous filings may result in the issuance of an order prohibiting him from any future lawsuits in this Court without first obtaining leave of the Court. *See* Mem. & Order 5; *Friedman v. Mendy's Restaurant*, No. 23-cv-1120, Memorandum & Order 6, March 28, 2025, ECF No. 27; *Friedman v. Eshel Hotel*, No. 22-cv-980, Memorandum & Order 6-7, March 28, 2025, ECF No. 22; *Friedman v. Noribar*, No. 23-cv-1121, Order Adopting Report and Recommendation 2, July 24, 2025, ECF No. 20.

"A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Courts evaluate the following factors when imposing filing injunctions:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Duran v. Kiley*, 586 F. App'x 598, 600 (2d Cir. 2013). Further, a court may impose such sanctions when a plaintiff files a frivolous pleading in response to the court's grant of leave to amend. *E.g.*, *Jean-Baptiste v. Almonte Stream Food Corp.*, No. 23-CV-1384, 2023 WL 2587668, at *2 (E.D.N.Y. Mar. 21, 2023),

*aff'd*, No. 23-438, 2023 WL 7293777 (2d Cir. Nov. 6, 2023).

In the last three years, Friedman has filed ten cases in the Eastern District of New York.[1] *See Friedman v. Chocolatte Espresso Bar LLC*, No. 22-cv-1645; *Friedman v. Eshel Hotel*, No. 22-cv-980; *Friedman v. Friedman et al.*, No. 22-cv-978; *Friedman v. Hershkop*, No. 22-cv-979; *Friedman v. Harbor Motor Inn*, No. 22-cv-1644; *Friedman v. Hofstra University et al.*, No. 23-cv-803; *Friedman v. Mendy's Resturant*, No. 23-cv-1120; *Friedman v. Noribar*, No. 23-cv-1121; *Friedman v. Winslow*, No. 23-cv-4324. Most of these cases allege violations of the ADA. And in case after case, the Court has explained to Friedman why his allegations are frivolous, including because, as here, he cannot obtain money damages under the ADA. *See, e.g.*, Mem. & Order 2 n.2 ("The Court further notes that the allegations in the instant complaint closely parallel those the Court found frivolous, even after amendment, in *Friedman v. Chocolatte Espresso Bar LLC*, No. 22-cv-1645; *Friedman v. Mendy's Resturant*, No. 23-cv-1120; and *Friedman v. Eshel Hotel*, 22-cv-980.")

Yet Friedman continues to assert and reassert the same frivolous claims. These lawsuits are "vexatious" and "duplicative." *Duran*, 586 F. App'x at 600. And, given the

[1] In addition to these recent cases, he previously filed at least two other actions in this district and two in the Southern District. *See Friedman v. Landau et al.*, No. 11-cv-3210; *Friedman v. John Hancock Life Insurance Company et al.*, No. 16-cv-1156; *Friedman v. MT. Sinai Hospital et al.*, No. 23-cv-1142; *Friedman v. Bartell et al.*, No. 22-cv-7630.

Court's explanation of why Friedman's claims fail, he has no "objective good faith expectation of prevailing." *Id.* Similarly, Friedman has "posed an unnecessary burden on the courts and their personnel" by refiling the same meritless claims. *Id.* Given the Court has already warned Friedman four times about the consequences of his filings, other sanctions are not likely to be adequate.

The Court is therefore contemplating a filing injunction that would prevent plaintiff from:

> (1) bringing any future proceedings in the Eastern District of New York without the Court's prior permission and (2) filing an amended complaint in connection with any other case pending in the Eastern District of New York, unless prior to any such submission: (a) Plaintiff files a one-page written application to the Court for permission; (b) in that application, he explains why he should be permitted to file an amended complaint; (c) the Court grants his application in a written order; and (d) he submits a copy of the Court's order with the amendment.

*See Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (affirming a similar filing injunction).

However, "the unequivocal rule in this circuit" is "that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Id.* at 529. Friedman is therefore directed to show cause why the contemplated filing injunction should not issue, on or before October 30, 2026.

**III. Conclusion**

For the reasons set forth above, the complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). **Friedman is directed to show cause why the contemplated filing injunction should not issue on or before October 30, 2026.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Club of Court is respectfully directed to mail a copy of this Memorandum and Order to Friedman and note the mailing on the docket, and enter judgment.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 30, 2026
Brooklyn, New York